BOEHM, J.,
dissenting.
I respectfully dissent. The husband and wife in this case worked out an adjustment to their changed family cireumstances that was acceptable to both for over twenty years. The wife first asked the court to assess arrearages in this case eleven years after the last support payment had been made. More importantly, her request came eleven years after the last child left the nest, so this dispute has nothing to do with the level of funding available for the children. Only the financial interests of the husband and the wife are affected by the result. Arrangements the parties have worked out between themselves should be honored where their interests, and theirs alone, are at stake. Under these cireumstances, I would find that the wife is estopped from seeking court relief to readjust a financial arrangement that both parties had lived with, and come to rely upon, for more than a decade.
The majority today extends Nill v. Martin, 686 N.E.2d 116 (Ind.1997), to apply *666 even where no challenge to the agreed arrangement is raised until long after the last child has been emancipated. As I observed in dissent in Nill, I believe the rule the majority invokes requires unneeded resort to the courts. To the extent possible, rules of law should conform to the expectations of ordinary citizens. Most people would expect this agreed arrangement to be acceptable and consider consulting a lawyer unnecessary. And, as Nill itself demonstrated, even if lawyers are involved they may not avoid the trap of assuming an agreed resolution is acceptable and enforceable. Where the interests of the children are concerned, they trump any regard for honoring private arrangements between the parents. But here the only interest is the relative balance sheets of the two former spouses. Imposing a "bright line" rule that any agreed adjustment in support without court approval can be overturned years later seems fundamentally unfair and unnecessary to accomplish the legitimate goal of concern for the children.